UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **JAIME GUZMAN,** *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | **CIVIL ACTION NO. 5:10-CV-121** |
| | § | |
| **MELVIN JONES,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM & ORDER**

This case results from a motor vehicle collision between a van occupied by Plaintiffs Jaime Guzman and Derrick Lambert and a commercial tractor-trailer operated by Defendant Melvin Jones in the scope of his employment for Defendant Celadon Trucking Services, Inc. (Dkt. 73 at 1.) Plaintiffs seek compensatory damages for their alleged injuries. (*Id.*; Dkt. 96 at 2.) Defendants have conceded liability for the accident but contest the issue of damages. (Dkt. 96 at 1-2.)

Pending is Defendants' Motion for Spoliation Sanctions against Mr. Guzman. (Dkt. 121.) The motion involves the back surgery of Mr. Guzman before an independent medical examination ("IME") was performed by Defendants' medical expert. Defendants maintain that Mr. Guzman had back surgery despite an agreement for an IME and deposition testimony that the back surgery had not been scheduled. (Dkt. 121 at 1-2.) Moreover, Defendants argue that Mr. Guzman had the back surgery two days before his attorney signed a proposed order for an IME. (*Id.*)

As sanctions, Defendants request that the Court strike Mr. Guzman's pleadings seeking injuries to his lower back and deem that his lower back injuries, if any, were not caused by the

collision in this case. (Dkt. 121 at 5.) In the alternative, Defendants request an adverse inference instruction to the jury. (*Id.*) For the reasons discussed below, Defendants' motion for sanctions (Dkt. 121) is hereby DENIED in its entirety.

## **Background**

The collision between Plaintiffs and Defendant Jones occurred on June 13, 2009. (Dkt. 73 at 1.) The parties initially tried to settle the dispute related to Plaintiffs' injuries, but after over a year of unsuccessful attempts, Plaintiffs filed suit in state court on September 23, 2010. (Dkt. 73 at 9.) On October 29, 2010, the suit was removed to district court. (Dkt. 1.) On December 21, 2010, the Court issued a scheduling order with a discovery deadline of May 27, 2011. (Dkt. 6 at 1.) On May 9, 2011, counsel for Defendants, Baldemar Garcia, Jr., sent counsel for Plaintiffs, Gene Hagood, an email wanting to schedule an IME of Mr. Guzman. (Dkt. 121, Attach. 1 at 1-2; Dkt. 123, Attach. 1 at 2.) That same day, Mr. Hagood responded to the email, in relevant part, "As far as the examination, you do not need a motion, although you are welcome, of course, to file one. Give me the name of the doctor and let me insert it into a proposed order we have used, again for years, and send it to you for review." (Dkt. 121, Attach. 1 at 1; Dkt. 123, Attach. 1 at 1.) On May 10, 2011, Mr. Garcia sent a fax to Mr. Hagood that provides, in relevant part, "Lastly, please forward your order permitting an independent medical examination. We should have the name of the physician soon." (Dkt. 123, Attach. 2 at 2.) That same day, Mr. Hagood responded via fax, in relevant part, "Lastly, you asked for proposed Orders permitting independent medical examinations. I enclose these for your review with the obvious blanks for the name of the physician, date, time, place, etc."[1] (Dkt. 123, Attach. 3 at 2-3.)

---

[1] It appears that the proposed orders were actually enclosed. (*See* Dkts. 121, 123.)

On May 27, 2011, Mr. Guzman was deposed, in relevant part,

> Q. (Mr. Garcia) Has anyone told you that you're going to need surgery for your back?
>
> A. (Mr. Guzman) Yes.
>
> Q. Who[] told you that?
>
> A. Dr. Misra.
>
> Q. Did he tell you what kind of surgery?
>
> A. If he did, I don't remember what kind.
>
> Q. You don't remember?
>
> A. Yeah.
>
> Q. Did he schedule the surgery? Do you know if it's – if you have a surgery scheduled?
>
> A. No.
>
> Q. If he recommends surgery, are you going to get the surgery?
>
> A. Yes.

(Dkt. 121, Attach. 2 at 3-4; Dkt. 123, Attach. 4 at 3-4.) Also at the deposition, Mr. Garcia introduced a note that includes a reference from Dr. Misra, which provides "[Mr. Guzman] is not improving. He will require lumbar surgery at L5/S1." (Dkt. 123, Attach. 4 at 5-6.) The reference has a date of January 28, 2011. (*Id.*)

On June 21, 2011, Mr. Garcia faxed to Mr. Hagood a proposed order for an IME—"Order for Medical Examination of Plaintiff"—for his signature. (Dkt. 121, Attach. 3 at 1-3; Dkt. 123, Attach. 8 at 1-4.) The "Order for Medical Examination of Plaintiff" was already signed by Mr. Garcia. (Dkt. 123, Attach. 8 at 1-4.) On June 23, 2011, surgery was scheduled for Mr. Guzman. (Dkt. 123, Attach. 7 at 2-3; *see* Dkt. 123, Attachs. 5, 6.) On June 27, 2011, Mr.

Guzman had surgery on his back. (Dkt. 121, Attach. 5 at 1-2.) On June 29, 2011, Mr. Hagood signed the "Order for Medical Examination of Plaintiff" and faxed it to Mr. Garcia. (Dkt. 121, Attach. 3 at 1; Dkt. 123, Attach. 8 at 1-4.) The "Order for Medical Examination of Plaintiff," however, was never filed with the Court. (*See* Dkts. 1-126.) Nonetheless, the parties agreed to the date of July 26, 2011 for an IME of Mr. Guzman.[2] (Dkt. 121 at 4; Dkt. 123 at 5.) Mr. Guzman attended the IME and the exam was performed. (Dkt. 121 at 4; Dkt. 123 at 5; *see* Dkt. 121, Attach. 6.)

On September 21, 2011, the parties filed a "Joint Motion to Extend Pretrial Deadlines." (Dkt. 24.) In support, the parties provided that "[b]ecause of Mr. Guzman's recent surgery, Plaintiffs and Defendants seek to extend the expert witness, discovery, and joint pretrial order deadlines accordingly." (*Id.* at 1; *accord. id.* at 2.) On September 23, 2011, the Court granted the motion and set a deadline for all discovery of October 12, 2011. (Dkt. 25 at 1.)

## Discussion

### I. Legal standard

Spoliation is the destruction or the significant and meaningful alteration of evidence. *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 612 (S.D. Tex. 2010). Such deletions, alterations, and losses will not constitute spoliation unless there is (1) a duty to preserve the information, (2) a culpable breach of that duty, and (3) resulting prejudice. *Id.* A duty to preserve generally applies when a party has notice that the evidence is relevant to

---

[2] Mr. Hagood claims that Mr. Garcia made representations that the proposed order would be forwarded to the Court and that he had no reason to believe the Court would not sign it. (Dkt. 123 at 5.) Only after he believed that the proposed order was signed by the Court, did Mr. Hagood agree to July 26, 2011 as the date for the IME. (*Id.*) According to Mr. Hagood, the entry of the order was the event to trigger setting up the IME. (*Id.* at 6.) Mr. Hagood contends that only after the IME was performed did he realize that the proposed order was never submitted to the Court. (*Id.* at 5-6.)

litigation or should have known that the evidence may be relevant to future litigation. *Id.* The culpability required for spoliation is bad faith, rather than mere negligence. *Id.* Bad faith means destruction for the purpose of hiding information, *Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008), and requires actual knowledge that the deleted evidence was relevant to the plaintiff's claims, *see King v. Ill. Cent. R.R.*, 337 F.3d 550, 556 (5th. Cir. 2003). As a general rule, in the Fifth Circuit, absent bad faith, the severe sanctions of granting default judgment, striking pleadings, or giving adverse inference instructions may not be imposed. *Russell v. Univ. of Tex. of the Permian Basin*, 234 F. App'x, 195, 208 (5th Cir. 2007); *Condrey v. SunTrust Bank of Ga.*, 431 F.3d 191, 203 (5th Cir. 2005); *King v*, 337 F.3d at 556; *United States v. Wise*, 221 F. 3d 140, 156 (5th Cir. 2000); *Vick. v. Tex. Emp't Comm'n*, 514 F.2d 734, 737 (5th Cir. 1975); *see also Ashton v. Knight Transp., Inc.*, 772 F. Supp. 2d 772, 800 (N.D. Tex. 2011) ("Plaintiff seeks an adverse inference jury instruction or the striking of [d]efendants' pleadings for their conduct in this case, both of which require a showing of bad faith on the part of the [d]efendants."). The party seeking the spoliation sanction bears the burden of proof. *Ashton*, 772 F. Supp. 2d at 800 (citing *Rimkus*, 688 F. Supp. 2d at 615-16).

**II. Analysis**

As to the allegations of spoliation,[3] Mr. Guzman arguably had a duty to preserve. However, Defendants have failed to provide facts that show a culpable breach of the duty to preserve. Here, Defendants had ample opportunity to investigate Mr. Guzman's condition and to

---

[3] Allegations of spoliation are addressed in federal courts through the inherent power to regulate the litigation process if the conduct occurs before a case is filed. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42-46 (1991); *Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1408 (5th Cir. 1993). If an applicable statute or rule can adequately sanction the conduct, that statute or rule should ordinarily be applied rather than a more flexible and expansive inherent power. *Chambers*, 501 U.S. at 50. When inherent power does apply, it is "interpreted narrowly, and its reach is limited by its ultimate source—the court's need to orderly and expeditiously perform its duties." *Newby v. Enron Corp.*, 302 F.3d 295, 302 (5th Cir. 2002).

require an IME before his surgery. Mr. Guzman notified Defendants that he was going to have back surgery at the recommendation of his doctor at his deposition on May 27, 2011, approximately one month before he actually did so. After the deposition, rather than notify Mr. Guzman or his attorney that they wanted an IME to be performed before surgery, request that Mr. Guzman or his attorney notify them when a surgery date is set, submit an order to the Court requesting an IME before surgery, submit an order to extend discovery, or some similar action, Defendants waited over three weeks to send the proposed order to Mr. Hagood for signature.

To the extent that Defendants contend that the notice of back surgery at the deposition was too vague to provide adequate notice of surgery to require any immediate action on their part, still, misses the point. The appropriate inquiry is whether Mr. Guzman acted in bad faith. That Mr. Guzman gave Defendants notice of his intent to have surgery strongly suggests that he did not act in bad faith. Moreover, there was never any request or demand (or agreement) by Mr. Garcia that Mr. Guzman delay the recommended surgery or advise Defendants of the surgery date. *See Menges v. Cliffs Drilling Co.*, 2000 WL 765082, at *3 (E.D. La. 2000) ("[E]ven if plaintiff had a duty to notify defendant of the surgery so that he could be examined by an independent medical examiner, breach of this duty does not amount to spoliation of evidence."). And, neither were there any restrictions placed on the timing of Mr. Guzman's surgery, which is clear from the proposed order. (*See* Dkt. 123, Attach. 8.) Moreover, Mr. Guzman had the surgery when the discovery period was closed and before an extension of the discovery period was requested. The fact that Defendants did not notify Mr. Guzman or his attorney that they wanted an IME to be performed before surgery; request notification of a surgery date; submit a motion or order to the Court; or perform some similar action seems to negate the notion that Mr. Guzman intentionally elected to have back surgery to destroy evidence. *See Savarese v. Pearl*

*River Navigation, Inc.*, 2010 WL 1817758, at *3 (E.D. La. Apr. 30, 2010) (concluding no spoliation of evidence when plaintiff told defendant that plaintiff would undergo neck surgery at a date to be determined, about five weeks later plaintiff notified defendant that surgery was scheduled for the next day and underwent surgery before an IME was performed). *But see Allen v. Resto*, 2013 WL 2152177, at *1 (E.D. La. May 16, 2013) (ordering adverse jury instruction when counsel for defendants corresponded with counsel for plaintiff specifically reserving defendants' right to request an IME "prior to her [sic] undergoing diagnostic testing and or treatment" and requesting notice "if any treatment is scheduled so that an IME can be scheduled as soon as possible," and then surgery without notice or supplemental discovery response was performed approximately six months later). Thus, there is insufficient evidence that Mr. Guzman acted in "bad faith." *See Rimkus*, 688 F. Supp. 2d at 644; *Savarese*, 2010 WL 1817758, at *4 ("[T]he choice to undergo surgery is quite different than the choice to destroy written documents once on notice of the documents' relevance in a judicial proceeding.").

Furthermore, it appears that Defendants have failed to meet their burden with respect to the element of resulting prejudice.[4] Presumably, information as to Mr. Guzman's condition before the surgery is still available from the doctor who performed the surgery (*see* Dkt. 121, Attach. 6), and Defendants have failed to show otherwise. *See Mitchell v. Lucas*, 2004 WL 1774616, at *2 (E.D. La. Aug. 9, 2004). Here, the report of Defendants' medical expert makes reference to numerous MRIs and doctor notes of examinations of Mr. Guzman, all taken before the surgery. (Dkt. 121, Attach. 6.) Therefore, Defendants have failed to show resulting prejudice.

---

[4] A finding of prejudice depends on the availability of other evidence to take the missing information's place. *Adobe Land Corp. v. Griffin, L.L.C.*, 236 S.W.3d 351, 360 (Tex. App. 2007) (citing *Trevino v. Ortega*, 969 S.W.2d 950, 958 (Tex. 1998) (Baker, J., concurring)); *see also In re Enron*, 762 F. Supp. 2d 942, 963 (S.D. Tex. 2010).

**Conclusion**

For the above reasons, Defendants' motion for sanctions (Dkt. 121) is hereby DENIED in its entirety. A pre-trial conference will be held on **August 28, 2014 at 10:00 a.m. in Courtroom 3B**. Moreover, Defendants' Motion in Limine (Dkt. 107) and Plaintiffs' Motion in Limine (Dkt. 108) are hereby DENIED without prejudice to refiling on or before **August 21, 2014**. As discussed at the pretrial conference held on December 20, 2013, any motion in limine shall include only matters that are not agreed upon by the parties.

IT IS SO ORDERED.

SIGNED this 14th day of July, 2014.

_____

Diana Saldaña
United States District Judge